UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE SILAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BARBOSA,<br><br>　　　　Defendant. | No.  1:23-cv-00669-ADA-BAM (PC)<br><br>ORDER ADOPTING, IN PART, FINDINGS AND RECOMMENDATION<br><br>(ECF No. 13) |

      Plaintiff DeAndre Silas is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On July 12, 2023, the Magistrate Judge screened Plaintiff's first amended complaint ("FAC") and issued findings and recommendations, recommending that the Court dismiss this action due to Plaintiff's failure to state a cognizable claim.  (ECF No. 13.)  The findings and recommendations contained notice that Plaintiff had fourteen days within which to file objections.  (*Id.* at 4–5.)  That deadline has passed, and Plaintiff has not filed any objections.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court agrees with the Magistrate Judge that Plaintiff has failed to state sufficient facts in his FAC.  The Court does not agree, however, that this failure warrants dismissal at this point.  In both his initial complaint and

FAC, Plaintiff indicated that he has never before filed a prisoner lawsuit. (ECF No. 1 at 2; ECF No. 11 at 1.) Additionally, his allegations in the FAC, albeit brief, are concerning. Read liberally, the FAC alleges that a specific officer, on a specific day, intentionally denied Plaintiff his medication. (ECF No. 11 at 3.) Plaintiff's initial complaint includes a prison grievance form wherein he alleges that he requires this medication to sleep and to help with the voices he hears. (ECF No. 1 at 5.) Such consequences of a failure to take medication could constitute a serious medical need. *See Swart v. Forehand*, No. 5:22-cv-01544, 2023 WL 2957470, at *7 (C.D. Cal. Apr. 14, 2023) (recognizing a serious medical need when plaintiff suffered from "severe PTSD and schizophrenia" during the time surrounding the allegations in the complaint; *Grant v. Lewis*, No. 1:15-cv-00424-LJO-SKO (PC), 2017 WL 3730496, at *2 (E.D. Cal. Aug. 30, 2017) ("For screening purposes, Plaintiff's hallucinations and 'commanding voices' are accepted as a serious medical need."). Therefore, while the FAC fails to allege serious medical harm stemming from this single incident, the Court does not believe permitting amendment would necessarily be futile at this point. For this reason, the Court will permit Plaintiff another opportunity to amend his complaint. Plaintiff is advised to consult the Magistrate Judge's screening order, (ECF No. 10), and findings and recommendations, (ECF No. 13), for the standard to plead an Eighth Amendment claim of deliberate indifference to a serious medical need.

Accordingly,

1. The findings and recommendations issued on July 12, 2023, (ECF No. 13), are adopted to the extent they recognize that Plaintiff's FAC, (ECF No. 11), fails to state a cognizable claim;

2. The findings and recommendations are not adopted to the extent they recommend dismissal of this action with prejudice;

3. Within **thirty (30) days** form the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Magistrate Judge in the findings and recommendations (or file a notice of voluntary dismissal); and

///

4. If Plaintiff fails to comply with this order, the Court will dismiss this action, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   August 17, 2023

UNITED STATES DISTRICT JUDGE

3