# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE SILAS,<br><br>            Plaintiff,<br><br>   v.<br><br>BARBOSA,<br><br>            Defendant. | Case No.  1:23-cv-00669-NODJ-BAM (PC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE, FAILURE TO OBEY A COURT ORDER, AND FAILURE TO STATE A CLAIM<br>(ECF No. 15)<br><br>ORDER DIRECTING CLERK OF COURT TO RE-SERVE AUGUST 17, 2023 ORDER ADOPTING, IN PART, FINDINGS AND RECOMMENDATIONS<br>(ECF No. 14)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT OR NOTICE OF VOLUNTARY DISMISSAL<br><br>**THIRTY (30) DAY DEADLINE** |

      Plaintiff DeAndre Silas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

      On July 12, 2023, the Court screened the first amended complaint and issued findings and recommendations that this action be dismissed for failure to state a cognizable claim upon which relief may be granted. (ECF No. 13.) Plaintiff did not file objections. On August 17, 2023, the then-assigned District Judge adopted the findings and recommendations, in part, to the extent they recognized that Plaintiff's first amended complaint failed to state a cognizable claim, but granted Plaintiff leave to file a second amended complaint or a notice of voluntary dismissal within thirty days. (ECF No. 14.) Plaintiff was also warned that failure to comply with the Court's order

1

1 would result in dismissal of this action, with prejudice, for failure to obey a court order and
2 failure to state a claim. (*Id.* at 3.) The order was served on Plaintiff at his address of record at the
3 California Health Care Facility in Stockton, California, and on August 28, 2023, was returned as
4 "Undeliverable, Vacant, Unable to Forward."

5 Following Plaintiff's failure to respond to the Court's order, file a notice of change of
6 address, or otherwise communicate with the Court, on November 13, 2023, the Court issued
7 findings and recommendations that this action be dismissed, with prejudice, for failure to state a
8 claim, failure to obey a court order, and failure to prosecute. (ECF No. 15.) Plaintiff was
9 directed to file any objections to the findings and recommendations within fourteen (14) days.
10 (*Id.*)

11 On December 6, 2023, Plaintiff filed objections to the findings and recommendations.
12 (ECF No. 17.) Plaintiff states that due to his lack of knowledge of the law and inability to
13 research the law in the mental ward, he couldn't articulate his claims clearly in his complaint, or
14 fix the deficiencies listed in the findings and recommendations. In addition, throughout that
15 period, Plaintiff was constantly without his personal property, and shifting from one place to
16 another due to mental instability, which contributed to Plaintiff missing court orders. Plaintiff
17 requests another chance to correct the deficiency as he is now able to do so, or to allow him to file
18 a motion to voluntarily dismiss the claim without prejudice under Federal Rule of Civil Procedure
19 41. (*Id.*)

20 Having considered Plaintiff's objections, and in light of Plaintiff's stated intention to
21 continue prosecuting this action and his apparent failure to receive all of the Court's orders, the
22 Court finds it appropriate to vacate the pending findings and recommendations. Plaintiff will be
23 permitted another opportunity to either file a second amended complaint or a notice of voluntary
24 dismissal. **If Plaintiff fails to file a second amended complaint, there is no operative**
25 **complaint on which this action can continue, and the Court will again recommend dismissal**
26 **of this action, with prejudice, for failure to prosecute and failure to state a claim.**

27 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
28 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556

U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on November 13, 2023, (ECF No. 15), are VACATED;
2. The Clerk's Office shall re-serve a copy of the August 17, 2023 order adopting, in part, findings and recommendation, (ECF No. 14), on Plaintiff at his current address of record;
3. The Clerk's Office shall send Plaintiff a complaint form;
4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court's July 12, 2023 screening order (or file a notice of voluntary dismissal pursuant to Rule 41);
5. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to prosecute, failure to obey a court order, and failure to state a claim.**

IT IS SO ORDERED.

Dated:  **December 7, 2023**          /s/ *Barbara A. McAuliffe*
                                                   UNITED STATES MAGISTRATE JUDGE