# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE SILAS,<br><br>        Plaintiff,<br><br>   v.<br><br>BARBOSA,<br><br>        Defendant. | Case No. 1:23-cv-0669-NODJ-BAM (PC)<br><br>ORDER FINDING PLAINTIFF MAY PROCEED ON COGNIZABLE CLAIM<br><br>(ECF No. 20) |

Plaintiff DeAndre Silas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and he was granted leave to amend. Thereafter, he was also granted leave to file a second amended complaint. Plaintiff's second amended complaint is currently before the Court for screening. (ECF No. 20.)

**I.      Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison in Sacramento, California.  Plaintiff alleges that the events in the complaint occurred while he was housed at California State Prison at Corcoran.  Plaintiff names Barbosa, correctional officer, as the sole defendant.

In claim 1, Plaintiff alleges deliberate indifference to serious medical need/mental health in violation of the Eighth and Fourteenth Amendment.[1]  On 12/24/22, Plaintiff was prescribed medication for severe mental illness (bipolar, depression, PTSD, voices, and paranoia). Defendant Barbosa was escorting the medical nurse door to door to administer mental health medication.  Barbosa deliberately refused to allow the nurse to provide Plaintiff with Plaintiff's prescribed medication meant to stabilize Plaintiff.  Defendant Barbosa refused to open Plaintiff's door tray slot.  As a result of Barbosa's deliberate act, Plaintiff suffered a severe mental breakdown because Plaintiff was lacking the ability to sleep and was hearing voices. This set into motion the following acts and harm:  1)  Plaintiff became convinced due to Barbosa's actions that the correctional officers and nurses were conspiring to target and kill Plaintiff which led to

---

[1] Plaintiff's claims will be screened under the Eighth Amendment. "Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1067 (9th Cir. 2016).  It appears Plaintiff was a convicted prisoner at the time of the events.

Plaintiff going to administrative segregation that same night. 2) As Plaintiff's symptoms got worse, he became convinced that the correctional officers, who escorted nurses around to administer medication, were trying to poison Plaintiff's medication, which contributed to Plaintiff refusing to take the medication out of fear and which led to Plaintiff attempting suicide and being admitted into the crisis bed.  3) As Plaintiff's mental state declined, Plaintiff increasingly became paranoid, heard voices, and saw things.  Plaintiff was forced to be admitted into the departmental mental health ward at Stockton where Plaintiff remained for over five months to become stabilized.

The medical nurse working that day with Defendant Barbosa confirmed that Defendant Barbosa refused to open Plaintiff's tray slot for the nurse to administer the prescribed mental health medication.

As remedies, Plaintiff seeks compensatory and punitive damages.

**III.  Discussion**

**Eight Amendment Deliberate Indifference to Medical Care**

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm.  *Jett*, 439 F.3d at 1096.  In applying this

3

standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff states a serious medical need; the need for a mental health medication prescribed to him. Liberally construing the second amended complaint, Plaintiff alleges facts that Defendant's response was deliberately different. Plaintiff alleges that Defendant did not open Plaintiff's tray slot during a medication pass when Defendant was escorting the mental health nurse around who was dispensing the mental health medication. In this duty, liberally construed, Defendant knew of and disregarded an excessive risk to inmate health or safety because Defendant knew he was denying medication, knew Plaintiff needed medication (since he was prescribed medication) and that Defendant deliberately did not allow medication.

**IV.   Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant Barbosa for deliberate indifference to medical needs in violation of the Eighth Amendment.

Accordingly, it is HEREBY ORDERED as follows:

1. This action proceed on Plaintiff's second amended complaint, filed on January 2, 2024, against Defendant Barbosa for deliberate indifference to medical needs in violation of the Eighth Amendment

2. A separate order will issue regarding service of the complaint.

IT IS SO ORDERED.

Dated:   **January 5, 2024**            /s/ *Barbara A. McAuliffe*            
                                        UNITED STATES MAGISTRATE JUDGE